UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| JACKIE DASHILLAS, | ) |  |
|---|---|---|
| Petitioner, | ) |  |
| v. | ) | Case No. 1:11-cv-00817-TWP-MJD |
| DONNA CARNEYGEE, | ) |  |
| Respondent. | ) |  |

## ENTRY DISCUSSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

For the reasons explained in this Entry, the petition of Jackie Dashillas ("Dashillas") for a writ of habeas corpus must be **DENIED** and the action dismissed with prejudice. In addition, the court finds that a certificate of appealability should not issue.

## I. DISCUSSION

Dashillas asserts that his conviction in an Indiana state court is tainted by various infirmities. He also claims to be innocent. The Respondent asserts that Dashillas= habeas petition was not timely filed. Dashillas has replied to the Respondent=s argument.

In an attempt to Acurb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law,@ Congress, as part of the Anti-terrorism and Effective Death Penalty Act of 1996, revised several of the statutes governing federal habeas relief. *Williams v. Taylor,* 529 U.S. 362, 404 (2000). One such revision amended 28 U.S.C. ' 2244 to include a one-year statute of limitations for state prisoners seeking federal habeas relief. The statute of limitations applicable to federal habeas corpus actions "was Congress' primary vehicle for streamlining the habeas review process and lending finality to state convictions." *Walker v. Artuz,* 208 F.3d 357, 361 (2d Cir. 2000).

The facts pertinent to the computation of the statute of limitations are the following:

Dashillas was convicted in an Indiana state court in 2000 of rape as a Class B felony and was also found to be an habitual offender. Dashillas= conviction was affirmed on direct appeal in *Dashillas v. State*, No. 79A05-0004-CR-159 (Ind.Ct.App. Jan. 11, 2001). On April 6, 2001, the Indiana Supreme Court denied transfer. On July 3, 2001, Dashillas filed a petition for post-conviction relief. Although withdrawn and reinstated on occasion, the petition for post-conviction relief was pending in the trial court until April 4, 2005. Dashillas did not appeal the denial of his petition for post-conviction relief. Dashillas signed this petition for a writ of habeas corpus on June 7, 2011.

The legal significance of the foregoing facts is the following: The Indiana Supreme Court denied Dashillas= petition for transfer on April 6, 2001. No petition for certiorari review was filed. Therefore, Dashillas' conviction was final on July 5, 2001, the last day on which he could have filed a petition for writ of certiorari. *See Griffith v. Kentucky,* 479 U.S. 314, 321 & n.6 (1987) (a conviction is "final" when the time for seeking direct review from the judgment affirming the conviction has expired). Therefore, Dashillas had through July 5, 2002, in which to file his federal habeas petition. *See Fernandez v. Sternes,* 227 F.3d 977, 978 (7th Cir. 2000).

Because a properly filed post-conviction petition was pending (with some periods of interruption which are not important here) until April 4, 2005, the statute of limitations was tolled through April 4, 2005. See 28 U.S.C. ' 2244(d)(2); *Gray v. Briley,* 305 F.3d 777, 778-79 (7th Cir. 2002) (one-year period is tolled while a "properly filed" application for post-conviction relief is pending in state court). The statute began to run the following day and expired one year later, on April 5, 2006.

Other post-conviction filings in the state courts followed, but none had any effect on the computation or expiration of the statute of limitations. *Teas v. Endicott,* 494 F.3d 580 (7th Cir. 2007) (the fact that the state courts entertained a collateral attack on prisoner's conviction more than one year after the expiration of the one year time limit does not "re-start" the statute of limitations under ' 2244(d)); *Fernandez v. Sternes*, 227 F.3d 977, 978-79 (7th Cir. 2000) (explaining that it is illogical to toll a limitations period that has already passed).

Dashillas signed his petition for a writ of habeas corpus on June 6, 2011. It can be considered to have been filed on the date he signed the petition. *Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999). As of that date, the statute of limitations had expired just over five years prior to that date.

Dashillas= habeas petition thus was not filed within the time permitted by the applicable statute of limitations. He seeks to overcome the barrier posed by the statute of limitations by invoking the fundamental miscarriage of justice exception to procedural default, but offers no evidence of his actual innocence and the court discerns no basis on which such an argument could be asserted. More importantly, "in this circuit, actual innocence is not a freestanding exception to the statute of limitations in § 244(d)(1)(A)." *Aruajo v. Chandler*, 435 F.3d 678, 682 (7th Cir. 2005).

A[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court.@ *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). In this case, Dashillas has encountered the hurdle produced by the 1-year statute of limitations. He has not shown the existence of circumstances permitting him to overcome these hurdles, and hence is not entitled to the relief he

seeks. His petition for a writ of habeas corpus is therefore **DISMISSED AS UNTIMELY.** Judgment consistent with this Entry shall now issue.

## II. CONCLUSION

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing ' 2254 proceedings, and 28 U.S.C. ' 2253(c), the Court finds that Dashillas has failed to show that reasonable jurists would find Ait debatable whether the petition states a valid claim of the denial of a constitutional right@ and Adebatable whether [this court] was correct in its procedural ruling.@ *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

SO ORDERED.

Date: 09/16/2011

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Jackie Dashillas
No. 951361
Pendleton-CIF
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, Indiana 46064

Linda.Leonard@atg.in.gov